THE STATE OF OHIO, APPELLEE, *v.* LINTON, APPELLANT. (Twenty cases.)

98

(Nos. 15-84-11 to -19, 15-84-24, 15-85-2 to -4, 15-85-6 to -11 and 15-85-16— Decided September 30, 1985.)

*George F. Crummey,* law director, for appellee.

*Stephen P. Gehres,* for appellants.

MILLER, J. These are appeals from judgments of the Van Wert Municipal Court.

In each instance the defendant was charged with a violation of R.C. 4511.19(A)(3) which provides:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state if any of the following apply:
"* * *
"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath * * *."

The defendants filed motions to dismiss in the trial court which were overruled, the causes were submitted to the trial court on stipulations of fact, defendants were found guilty, sentences were entered and each defendant appeals to this court.

The issues in all cases are identical and the cases were argued together in this court and will be determined together.

In each case defendant sets forth three assignments of error.

Assignment of error number one:

"The trial court erred when it denied the defendant-appellant's motion to dismiss the case for lack of jurisdiction in that the defendant-appellant had not been indicted by the Van Wert County Grand Jury."

Defendants argue that under R.C. 2929.41 a defendant may, under certain circumstances, have to serve a portion of his sentence in a state penal or reformatory institution and that a misdemeanor thereby becomes an "infamous crime" necessitating a grand jury indictment.

This court considered this same issue in *State* v. *Moser* (Oct. 4, 1984), Van Wert App. No. 15-83-5, unreported.

We quote from that case as follows:

"Article I, Section 10, of the Ohio Constitution provides in pertinent part that:

" 'Except in cases * * * involving offenses for which the penalty provided is less than imprisonment in the penitentiary, no person shall be held to answer for a capital, or otherwise infamous, crime, unless on presentment or indictment of a grand jury[.]'

"In general, an infamous crime is a crime punishable by death or by imprisonment, with or without hard labor, in a state prison, and the authorized punishment, and not that actually inflicted, is the determining factor. 22 C.J.S. 10, Criminal Law, Section 3.

"See also *Cleveland* v. *Betts* (1958), 168 Ohio St. 386 [7 O.O.2d 151].

"R.C. 2929.41(E) provides as pertinent:

" '(E) Consecutive terms of imprisonment imposed shall not exceed:
" ' '* * *

" '(3) An aggregate term of eighteen months, when the consecutive terms imposed are for misdemeanors. When consecutive terms aggregating more than one year are imposed for misdemeanors under the Revised Code, and at least one such consecutive term is for a misdemeanor of the first degree, the trial court may order the aggregate term imposed to be served in a state penal or reformatory institution.'

"Defendant argues that although he was charged only with a first degree misdemeanor and subject to a maximum sentence of six months, that under the provisions of R.C. 2929.41(E) there exists the possibility of the filing of additional charges, and the possibility of confinement in a state penal or reformatory institution, thus resulting in an 'infamous crime,' and necessitating a grand jury indictment.

"There is, however, in the record before this court, the single charge of operating a motor vehicle while under the influence of alcohol, a first degree misdemeanor, with no indication that any other charges are pending or contemplated which threaten defendant with confinement in a state penal institution in any event.

"* * *"

We conclude here, as we did in the *Moser* case, that defendants' first assignments of error are not well-taken.

Assignment of error number two:

"The trial court erred when it denied the defendant-appellant's motion to dismiss the case because O.R.C. Section 4511.19(A)(3) is unconstitutional."

Assignment of error number three:

"The third assignment of error is the trial court erred in finding the defendant-appellant guilty because there was insufficient evidence."

Defendants state in their briefs that the second and third assignments of error are similar and are based on the same scientific laws and these assignments are argued together in the briefs.

Defendants argue that breath at different pressures and different temperatures will vary in volume, and thus produce varying results as to alcoholic content.

In *State* v. *Black* (June 29, 1984), Van Wert App. No. 15-83-20, unreported, this court stated:

"R.C. 4511.19(A)(3) proscribes the operation of a motor vehicle when a person has a concentration of ten hundredths of one gram of alcohol by weight per two hundred ten liters of breath. The 'ascertainable standard of guilt' is the precise proportion of alcohol concentration to breath, a readily ascertainable ratio determined by the prescribed tests.

"Although the exact concentration of alcohol is determinable only by proper tests, the illegal conduct, i.e., the operation of a vehicle with the proscribed concentration of alcohol is readily ascertainable from the face of the statute.

"We conclude that R.C. 4511.19(A)(3) is not constitutionally infirm for vagueness * * *."

The issue raised by defendants in these appeals goes to the testing process and not to the terms of the statute which are absolute.

If the tests in fact resulted in different readings at different temperatures and pressures, such must have been presented in the trial court together with such evidence as necessary to so indicate.

In each of these cases, it was stipulated that the defendant gave a breath sample which was analyzed in accordance with the methods approved by the Director of Health by an individual possessing a valid permit and, in such instance, tested .10 of one gram by weight, or more, per two hundred ten liters of breath.

We conclude that R.C. 4511.19(A)(3) is not unconstitutional as argued and that the trial court did not err in denying defendants' motions to dismiss for that reason.

We further conclude that the judg-

ments of the trial court are not against the manifest weight of the stipulated evidence.

Finding no error of the trial court prejudicial to defendants as assigned and argued, we affirm the trial court's judgments.

*Judgments affirmed.*

GUERNSEY, P.J., and COLE, J., concur.